## Case No. 16,369.

### UNITED STATES v. SPERRY et al.

[10 Int. Rev. Rec. 205.]

District Court, E. D. Missouri. 1869.

VIOLATION OF INTERNAL REVENUE LAWS—REMOVING WHISKEY WITHOUT PAYMENT OF TAX — JURISDICTION OF COURT.

[Upon an indictment for removing whiskey from a distillery in Pekin, Illinois, and sending it to St. Louis, under a false inspector's brand, and without paying the tax, defendant contended that the whiskey was taken from Illinois to St. Louis by government officials after seizing it, and that the district court for the Eastern district of Missouri therefore had no jurisdiction of the offence. Held, that if the whiskey was not taken from the possession of the railroad company by which it was shipped, before it arrived in St. Louis, the court had jurisdiction.]

H. T. Sperry was a distiller, and B. S. Prettyman a dealer in whiskey, and an attorney at Pekin, Ill. The government charged that the two defendants conspired together; that Prettyman furnished the money to run the distillery; that they manufactured 3 times as much as they reported and sent barrels with duplicate serial numbers, to Chicago and St. Louis. On the 19th of October, 1867, a lot of 150 barrels were seized at the depot of the Chicago R. R. Company, St. Louis, and a suit for their forfeiture was commenced on the ground that they had false inspector's brands upon them, and that they had been removed without the tax having been paid. The jury before which the suit was tried found that 102 of the barrels were fraudulent. Afterwards this criminal action was commenced against Sperry and Prettyman.

One of the principal points in the present case was in relation to the jurisdiction of the court, the defence contending that they did not bring the whiskey into this state, and that it was brought from Illinois to Missouri by the government, and that therefore this court had no jurisdiction.

On the opening of the court General Noble, U. S. Dist. Atty., proceeded to address the jury on behalf of the government. In the course of his address he said it was a remarkable fact that the defendants commenced business at the same time, and when no one could go into the business, pay taxes and make money, because the markets were flooded with whiskey, which was being sold below the tax. He reviewed at length the evidence which had been adduced and stated that the defendants manufactured two hundred barrels of whiskey, upon which the tax was paid. He charged that Prettyman entered in his book another lot with duplicate numbers as if bought of "John Jones," and that this whiskey was sent to Chicago. Another lot, fraudulent, was sent to St. Louis and found at McCartney's, Derby & Day's, and Hoffheimer's, and another lot was the one of 150 barrels seized by the government on the 19th of October, 1867. Prettyman's book showed that he purchased of Sperry 8,565 57-100 gallons of whiskey while there was another entry of a purchase from "John Jones" of exactly the same quantity. This was the total of the last three lots bought of the former. Duplicates of 50 of the 150 barrels seized at St. Louis were found at Chicago on the 18th of September, 1867, and he ridiculed what the defence had undertaken to show—that they had brought these from Chicago to St. Louis, because at that time they were shipping 1,500 barrels to that market.

He said that Prettyman sent to Chicago in three months whiskey which, if the tax had been paid, would have amounted to $140,000. The defence contended that because they did not come across the river with the whiskey they were not guilty in this district, but Hunicke & West, their commission merchants, paid the cost of its being brought over. The prosecution had been conducted in the fairest manner, and the government had been stabbed in the back at every step. Barrel heads used in the last trial had been stolen from his office, the brands on the barrels in court altered. Prettyman's book which had been used for three days in the trial, had disappeared, and the court deciding that it was in the custody of the court, Prettyman pulled it out of his pocket and it was thrown on the table. Was there nothing clandestine in that? After presenting the facts brought out by the prosecution in an able and lucid manner, the district attorney closed by making an earnest appeal for the vindication of law.

Col. Broadhead, for defendants, asked the court to give the following instructions to the jury: (1) That to complete the offence charged in any one count of the indictment, it must appear from the evidence, to the satisfaction of the jury, that the spirits manufactured by Sperry, or some portion of it, was brought into the state of Missouri by one or the other of the defendants, or by some one under their direction or authority. (2) No facts communicated to the jury in reference to the case on trial, otherwise than by the sworn testimony of witnesses, or by exhibits or papers produced before the jury under the direction and in the presence of the court, can be permitted to influence the minds of the jury in making up their verdict. (3) To constitute a conspiracy it must appear that there was some agreement or understanding between the parties to commit the offence charged in the indictment. But this agreement or understanding must be proved either by direct evidence, or circumstances tending to show that such agreement or understanding existed. The offence, however, under the first count of the indictment, is not complete without the proof of the overt act, and that either the conspiracy was formed, or the first overt act charged must appear to have been committed, in Missouri.

TREAT, District Judge, gave his instructions to the jury. With reference to the question of jurisdiction, he said that if the whiskey was not taken from the possession of the railroad company before it was brought into this city, the court had jurisdiction of the offence. He stated the matters the jury had to inquire into, and instructed them on the several counts of the indictment, making no comments on the testimony.

The jury retired, and, after deliberating about three hours, brought in a verdict of guilty against Prettyman on the second count, removing whiskey into this district without the tax on the same having been paid, and not guilty on the first and third counts of the indictment. They found Sperry not guilty on all the counts, and he was acquitted.